■ In the Matter of RENE POULIN, Petitioner, v RICHARD CORBISIERO, as Chairman of the New York State Racing and Wagering Board, et al., Respondents.—Determination of the respondent New York Racing and Wagering Board, Division of Harness Racing, dated February 3, 1992, which suspended petitioner's harness license for 30 days, is unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Harold Tompkins, J.], entered May 8, 1992), dismissed, without costs.

The petitioner was charged with violating Rules of the State Racing and Wagering Board (9 NYCRR) § 4117.4 (p) in that, on February 17, 1989, he drove his horse "without effort." Since substantial evidence exists to support the Board's determination, it must be sustained irrespective of whether a similar quantum of evidence is available to support another conclusion *(Matter of LaChance v Corbisiero,* 147 AD2d 80, 87, *lv denied* 74 NY2d 611). Concur—Murphy, P. J., Milonas, Ross and Rubin, JJ.

■ 87TH STREET OWNERS CORPORATION, Respondent, v OLNICK ORGANIZATION et al., Defendants, and JULES AUGUS et al., Appellants.—Order and judgment (one paper), Supreme Court, New York County (Harold Tompkins, J.), entered on or about June 30, 1992, which, *inter alia,* granted plaintiff's motion for summary judgment enjoining the individual defendants from taking any steps to prevent plaintiff from entering their apartment for the purposes of replacing windows and a terrace door, unanimously affirmed, with costs.

Both the proprietary lease and the rent stabilized lease permit entry to the apartment for the purposes of repair and alteration. We agree with the IAS Court that the individual tenants fail to demonstrate arbitrary, vindictive or discriminatory motives on the part of the cooperative corporation in seeking entry to replace windows as part of a building-wide program. Plaintiff represents that it will not replace the terrace door and adjacent window, thereby preserving defendants-tenants' improvements. Any damage which nonetheless may occur can be remedied at a later date. Finally, the proprietary lessee did not cross-appeal and, therefore, may not seek additional attorneys' fees. Concur—Murphy, P. J., Milonas, Ross and Rubin, JJ.